IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID MICHAEL MANSFIELD,

      Plaintiff,

vs.                                                                                             No. CIV 20-0086 JB\JFR

FNU ARMENDIAZ, and
FNU MARTINEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff David Mansfield's failure to submit an initial partial filing fee, as 28 U.S.C. § 1915(b)(1) requires. The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Mansfield to make a $12.20 payment in connection with his Prisoner's Civil Rights Complaint, filed January 29, 2020 (Doc. 1)("Complaint"). See Order to Cure Deficiency at 1, filed February 28, 2020 (Doc. 4)("Cure Order"). Because Mansfield did not comply or show cause for his lack of compliance, the Court will dismiss this case without prejudice.

**BACKGROUND**

Mansfield is incarcerated at the Southern New Mexico Correctional Facility ("SNMCF"). See Complaint at 1. In the Complaint, Mansfield raises claims under 42 U.S.C. § 1983 and the Eighth Amendment to the Constitution of the United States. See Complaint at 8. Specifically, he alleges prison officials were deliberately indifferent to a known risk of harm and failed to place him in protective custody. See Complaint at 8. Mansfield seeks at least $100,000.00 in damages and asks the Court to enter an injunction requiring his placement in protective custody. See

Complaint at 5.  Mansfield has requested leave to proceed in forma pauperis.  See Motion to Proceed under 28 U.S.C. § 1915, filed January 29, 2020 (Doc. 2)("IFP Motion").

On January 30, 2020, the Court referred the matter to Magistrate Judge Robbenhaar for recommended findings and disposition and to enter non-dispositive orders.  See Order Referring Case at 1, filed January 30, 2020 (Doc. 3).  Thereafter, Magistrate Judge Robbenhaar ordered Mansfield to cure deficiencies in his Complaint and IFP Motion.  See Cure Order at 1. Magistrate Judge Robbenhaar observed that Mansfield submitted only a financial statement reflecting transactions for one month.  See Cure Order at 1.  The in forma pauperis statute requires, however, inmates to submit a statement reflecting financial transactions for "the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Magistrate Judge Robbenhaar accordingly ordered Mansfield to provide a complete financial statement by March 29, 2020.  See Cure Order, at 1.

Mansfield did not comply with the Cure Order, and instead submitted a letter explaining that he had trouble obtaining a six-month account statement, because of a recent transfer between correctional facilities.  See Untitled Letter at 1, filed March 5, 2020 (Doc. 5).  Based on this explanation, Magistrate Judge Robbenhaar overlooked the six-month account statement requirement and evaluated the financial information on file.  See Order Granting In Forma Pauperis Motion at 1, filed March 24, 2020 (Doc. 6)("IFP Order").  Magistrate Judge Robbenhaar granted Mansfield leave to proceed in forma pauperis, which excused the requirement that Mansfield prepay the full filing fee.  See IFP Order at 1.  Pursuant to 28 U.S.C. § 1915(b)(1)(A), Magistrate Judge Robbenhaar assessed an initial partial payment of $12.20 and directed Mansfield to submit that amount within thirty days of the IFP Order's entry.  See IFP Order at 1.  The IFP

Order warned that if he did not timely make the initial partial payment, the Complaint would be dismissed without further notice. See IFP Order at 1. The deadline to submit the initial partial payment was April 23, 2020. See IFP Order at 2. Mansfield did not comply or otherwise respond to the IFP Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation[.]" See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however,

is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. Nasious, 492 F.3d at 1162

Here, Mansfield did not submit a six-month account statement. After Magistrate Judge Robbenhaar excused Mansfield's failure, Mansfield declined to submit an initial partial payment as the IFP Order and 28 U.S.C. § 1915(b)(1) require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious.

**IT IS ORDERED** that (i) David Mansfield's Prisoner Civil Rights Complaint, filed January 29, 2020 (Doc. 1), is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and (ii) the Court will enter a separate judgment disposing of the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

David Michael Mansfield
Las Cruces, New Mexico
    *Plaintiff pro se*